

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-236(1)** |
| | § | |
| **ROBERT EARL WILSON** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 14, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Robert Earl Wilson, on **Count 1** of the charging **Superseding Indictment** filed in this cause.  Count 1 of the Superseding Indictment charges that on or about the 30th day of November, 2007, in the Eastern District of Texas, Robert Earl Wilson, Defendant herein, having been convicted of a crime punishable by imprisonment

1

for a term exceeding one year[1,]  did knowingly possess in and affecting commerce a firearm, to wit: one Sig Sauer, Model P220, .45 caliber pistol, bearing serial number G262059; and one (1) Norinco, Model 213, 9mm pistol, bearing serial number 312826, in violation of Title 18, United States Code, Section 922(g)(1).

Defendant, Robert Earl Wilson, entered a plea of guilty to Count 1 of the Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

d.      That Defendant's knowing, voluntary and freely made plea is supported by an

---

[1]The Indictment also sets forth the specific case information about Mr. Grant's prior felony convictions.

independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 922(g)(1).

## **STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation*.  The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Superseding Indictment and that the events described in the Superseding Indictment occurred in the Eastern District of Texas.  The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits.

Specifically, the Government would prove that on November 30th, 2007, in Beaumont, Texas, Robert Earl Wilson (Wilson), Anthony Lionel Jones (Jones), and Jeffery Jamon Grant (Grant) conspired with one another to kidnap Michael Wayne Valmore (Valmore) for the purpose of obtaining money and "crack" cocaine.

Wilson directed Serrina Copeland (Copeland) to call Valmore and request that Valmore deliver $200 worth of "crack" cocaine to her residence.  When Valmore arrived at Copeland's residence with the "crack" cocaine, Wilson, Jones, and Grant, wearing black ski masks, kidnapped Valmore at gunpoint and brought Valmore to Valmore's residence.  Wilson entered Valmore's residence and demanded that Debra Kay Valmore (Valmore's wife) give them

3

Valmore's money and "crack"cocaine.

Wilson threatened to kill Valmore in the event that Valmore's wife telephoned the police or failed to give them Valmore's money and "crack" cocaine.  Wilson, Jones and Grant brought Valmore to a remote, wooded location. Valmore was bound and blind-folded.

Valmore's wife telephoned 911 and Beaumont, Texas, Police Department (BPD) Sergeant Pat Barton (Sergeant Barton) was dispatched to Valmore's residence.

Wilson used Valmore's cell phone to telephone Valmore's wife, repeating his demands and threats, and eventually ordering her to place Valmore's money and "crack" cocaine in a paper bag and drop it at the barber shop across from the S & R club at the intersection of Concord and Brickyard in Beaumont (the Ransom-Drop Location).

Valmore's wife located six "cookies" of  "crack" cocaine and $1,200 cash secreted inside Valmore's closet, and Sergeant Barton took custody of the "crack" cocaine.  Sergeant Barton and other BPD officers planned a "controlled drop" of the ransom as directed by Wilson, substituting six peanut-butter cookies for the six "crack" cookies to simulate the controlled substance.  BPD officers set-up surveillance around the Ransom-Drop Location, and Sergeant Barton followed Valmore's wife as she traveled to the Ransom-Drop Location to leave the bag containing the money and simulated controlled substance.

Grant and Jones immediately arrived at the Ransom-Drop Location and Jones retrieved the bag of money and simulated controlled substance.  Grant and Jones fled in Grant's vehicle, wrecked, and fled on foot until they were apprehended by BPD officers who had pursued them from the Ransom-Drop Location.  Officers found Jones with a black ski mask and a loaded

4

magazine for a Sig Sauer P220 pistol on his person.  Officers also found Grant with jewelry on his person that was later determined to have been taken from Valmore during the kidnapping

Officers further found an IMEZ pistol on the front floorboard of Grant's vehicle, within the reach of both front-seat occupants of the vehicle, Grant and Jones.

When Grant and Jones did not return from the Ransom-Drop Location, Wilson drove Valmore back to Valmore's vehicle, which was under surveillance by BPD officers.

BPD officers arrested Wilson and discovered Valmore in the back seat of Wilson's vehicle, bound and partially blindfolded.  Officers also discovered two handguns and a small amount of "crack" cocaine located on the front floorboard of Wilson's car. One of the handguns was a Sig Sauer Model P220 .45 that matched the loaded magazine that was recovered from Jones' person.

The firearm that was found in the possession of Grant and Jones, as set forth herein, is described as follows: one (1) IMEZ, Model IJO70-18A, .380 caliber pistol, bearing serial number J052707.

The two firearms that were found in the possession of Wilson, as set forth herein, are described as follows: one (1) Sig Sauer, Model P220, .45 caliber pistol, bearing serial number G262059; and one (1) Norinco, Model 213, 9mm pistol, bearing serial number 312826.  The ammunition that was found in the possession of Jones, as set forth herein, is described as follows: seven (7) rounds of CCI, .45 caliber ammunition.

A nexus expert with Bureau of Alcohol, Tobacco, Firearms and Explosives (ATFE) examined the three firearms in this case and determined that they had all been manufactured

outside the State of Texas and, therefore, affected interstate commerce.

Prior to this possession of the above listed firearms, Wilson was finally convicted of the felony offense of a crime punishable by imprisonment for a term exceeding one year, to wit: Aggravated Assault, a felony, in Cause Number 62259, in the Criminal District Court of Jefferson County, Texas; on July 6, 1993.

Defendant, Robert Earl Wilson, agreed with the facts set forth by the Government and signed the *Factual Basis.*  Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Superseding Indictment** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea  agreement.[2]  Accordingly, it is further recommended that, Defendant, Robert

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):

Earl Wilson be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(g)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* Fed. R. Crim. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* Fed. R. Crim. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. §

---

(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated."  Fed. Crim. P. 11(c)(3)-(5).

636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).


**SIGNED this the 14th day of August, 2008.**


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

8